IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER M. HERSH, SR.,<br>    Plaintiff,<br>v.<br>CHESTER COUNTY CLERK<br>OF COURTS, *et al.*,<br>    Defendants. | CIVIL ACTION NO. 21-2615 |

## MEMORANDUM OPINION

**Rufe, J.**                                  **November 3, 2021**

  Plaintiff Christopher M. Hersh, Sr., a convicted prisoner currently incarcerated at the Federal Detention Center in Philadelphia, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, naming as Defendants the Chester County Clerk of Courts Office and Yolanda Van De Krol, Chester County Clerk of Court.[1] Hersh has also filed an Application to Proceed *In Forma Pauperis* together with an inmate account statement.[2] For the following reasons, Hersh will be granted leave to proceed *in forma pauperis,* and the Complaint will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### I. FACTUAL ALLEGATIONS[3]

  According to the Complaint, Hersh was incarcerated at Chester County Prison on December 19, 2016 in connection with criminal charges filed against him in Chester County.[4] On August 18, 2018, Hersh filed a motion to dismiss the charges in the three Criminal Complaints

---

[1] Compl. [Doc. No. 2] at 1.

[2] App. Proceed *In Forma Pauperis* [Doc. No. 1]; Prisoner Trust Fund Account Statement [Doc. No. 3].

[3] The allegations set forth in this Memorandum are taken from Hersh's Complaint and attached exhibits. The Court adopts the pagination assigned to the Complaint and exhibits by the CM/ECF docketing system.

[4] Compl. [Doc. No. 2] at 1.

pending against him on the ground that the Commonwealth had failed to bring him to trial within 365 days, or to set nominal bail because he had been incarcerated for more than 180 days from the filing of the Criminal Complaints against him.[5] The Chester County Common Pleas Court denied the motion to dismiss after calculating how many days of delay were attributable to the Commonwealth and finding that the time to bring Hersh to trial had not yet expired in any of the pending cases.[6] The Court also denied the motion for nominal bail, finding that "given the nature and the extent of the multiple felony offenses with which the Defendant is charged, the proof is evident and the presumption is great that no condition or combination of conditions other than imprisonment will reasonably assure the safety of . . . the community."[7]

Subsequently, in February 2020, Hersh again filed a motion to dismiss the case and/or modify bail, raising the same claims.[8] On March 2, 2020, the Common Pleas Court denied the motion, holding that "the law of the case doctrine directs courts to refrain from re-deciding issues that were resolved earlier in the litigation."[9] Hersh alleges that he attempted to file a "Petition for Review of Bail Order Pursuant to Pa. R. A. P. § 1762(b)" in both the Common Pleas and Superior Courts on March 12, 2020.[10] Hersh asserts, however, that the Chester County Clerk of Courts "failed in their duties entrusted to forward the Petition to Superior Court as required by Certificate of Service."[11]

On June 25, 2020, Hersh filed a habeas petition under 28 U.S.C. § 2241, alleging claims arising from the violation of his right to a speedy trial, ineffective assistance of counsel, and

---

[5] Compl. [Doc. No. 2] at 16–18.

[6] Compl. [Doc. No. 2] at 16–17.

[7] Compl. [Doc. No. 2] at 17–18.

[8] Compl. [Doc. No. 2] at 31.

[9] Compl. [Doc. No. 2] at 19–21.

[10] Compl. [Doc. No. 2] at 2.

[11] Compl. [Doc. No. 2] at 2.

cruel and unusual punishment based on his then 3.5 years of incarceration and excessive bail.[12] The matter was assigned to Magistrate Judge Timothy R. Rice for a Report and Recommendation. Judge Rice recommended that Hersh's habeas petition be denied without prejudice, finding that Hersh had failed to exhaust his claims in state court because the Superior Court had not considered his federal constitutional claims.[13] The Report and Recommendation noted that there was no record indicating that Hersh had filed the Petition for Review of Bail Order in Superior Court.[14] Hersh filed objections to the Report and Recommendation.[15] District Judge Petrese B. Tucker thereafter adopted the Report and Recommendation and denied Hersh's habeas petition with prejudice.[16]

Hersh asserts that the alleged failure of the Chester County Clerk of Courts to forward his Petition for Review of Bail Order to the Superior Court adversely impacted the outcome of his habeas litigation.[17] He contends that clerk office staff and/or defense counsel took deliberate action to withhold service, thereby violating his rights under the Sixth and Fourteenth Amendments.[18] Additionally, Hersh alleges that he was "plagued" by court-appointed counsel who refused to assist him with filings in the Pennsylvania Superior and Supreme Courts.[19] Hersh argues that attorney Philip A. Simon, Esquire (not a named Defendant) and members of the Office of the Chester County Clerk of Courts were deliberately indifferent when they did not

---

[12] Compl. [Doc. No. 2] at 31–32.

[13] Compl. [Doc. No. 2] at 2, 33–35.

[14] Compl. [Doc. No. 2] at 31.

[15] Compl. [Doc. No. 2] at 2.

[16] Compl. [Doc. No. 2] at 2; *see* Order, *Hersh v. McFadden*, No. 20-3315 (E.D. Pa. Jun. 16, 2021). Hersh has appealed the denial of his habeas petition to the Third Circuit. *See* Notice Docketing R. Appeal, *Hersh v. Warden Chester Cnty. Prison*, No. 21-2514 (3d Cir. Aug. 13, 2021).

[17] Compl. [Doc. No. 2] at 2, 4.

[18] Compl. [Doc. No. 2] at 2.

[19] Compl. [Doc. No. 2] at 3.

...
...
...

issue a copy (presumably of the Petition for Review of Bail Order) "as instructed on [the] Certificate of Service."[20] As a result of this conduct, Hersh contends that he has been denied access to the Courts and will be subject to further injury if his claim is not honored.[21]

Hersh asks this Court to issue a declaratory judgment finding that the acts of Defendants Yolanda Van De Krol and the Office of the Chester County Clerk of Courts violated his rights under the Sixth and Fourteenth Amendments, enjoin the Chester County Clerk's Office, Chester County Courts, and prison officials to prevent further violations of his rights; and award him compensatory and punitive damages.[22]

## II. STANDARD OF REVIEW

Because Hersh appears to be unable to pay the filing fee in this matter, the Court will grant him leave to proceed *in forma pauperis*.[23] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) provides that the Court must dismiss the Complaint if it fails to state a claim. Assessing whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[24] "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains

---

[20] Compl. [Doc. No. 2] at 3.

[21] Compl. [Doc. No. 2] at 3–4.

[22] Compl. [Doc. No. 2] at 5.

[23] Because Hersh is a prisoner, under the provisions of the Prison Litigation Reform Act he must still pay the filing fee in full in installments.

[24] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Although the claim-pleading standard set out in *Iqbal* relates to motions to dismiss under the Federal Rules of Civil Procedure, § 1915(e)(2)(B)(ii) is governed by the same standard applicable to Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

facts sufficient to state a plausible . . . claim.'"[25] Conclusory allegations do not suffice.[26] As Hersh is proceeding *pro se*, the Court construes his allegations liberally.[27]

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[28] For the following reasons, Hersh's Complaint must be dismissed.

### A. Declaratory Relief

Hersh requests a declaration that the conduct of the Defendants was in violation of the United States Constitution. Here, Hersh requests a form of relief that this Court cannot provide. "Declaratory judgment is inappropriate solely to adjudicate past conduct," and is not "meant simply to proclaim that one party is liable to another."[29] Hersh's request for declaratory relief, accordingly, will be denied.

### B. Injunctive Relief

Hersh requests an injunction "to avoid harassment, bad faith or other acts by members of Clerk's Office/Ches[ter] Courts/Prison Officials."[30] Federal Rule of Civil Procedure 65 governs temporary restraining orders and preliminary injunctions. "The standards for a temporary

---

[25] *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).

[26] *Iqbal*, 556 U.S. at 678.

[27] *Vogt v. Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013)).

[28] *West v. Atkins*, 487 U.S. 42, 48 (1988).

[29] *Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) (per curiam); *see also Taggart v. Saltz*, No. 20-3574, 2021 WL 1191628, at *2 (3d Cir. Mar. 30, 2021) (per curiam) ("A declaratory judgment is available to define the legal rights of the parties, not to adjudicate past conduct where there is no threat of continuing harm.").

[30] Compl. [Doc. No. 2] at 5.

restraining order are the same as those for a preliminary injunction."[31] Preliminary injunctive relief "is not granted as a matter of right."[32] Rather, "a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion."[33] "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."[34] "The first two factors are prerequisites for a movant to prevail."[35] "If these gateway factors are met, a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief."[36] "A plaintiff's failure to establish any element in its favor renders a preliminary injunction inappropriate."[37]

Hersh cannot establish that he is likely to succeed on the merits because his claims are barred on the grounds discussed below. Therefore, Hersh's claim for injunctive relief must be denied.

### C. *Heck v. Humphrey* Bars Hersh's Claim

In *Heck v. Humphrey*, the Supreme Court held that:

> to recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive

---

[31] *Bieros v. Nicola*, 857 F. Supp. 445, 446 (E.D. Pa. 1994).

[32] *Kershner v. Mazurkiewicz*, 670 F.2d 440, 443 (3d Cir. 1982).

[33] *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (internal quotations, citation, and emphasis omitted).

[34] *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008).

[35] *Holland v. Rosen*, 895 F.3d 272, 286 (3d Cir. 2018).

[36] *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017).

[37] *Nutrasweet Co. v. Vit-Mar Enters.*, 176 F.3d 151, 153 (3d Cir. 1999).

order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.][38]

Accordingly, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."[39]

Speedy trial claims, such as those that underlie Hersh's claims in this case, are barred by *Heck*.[40] Additionally, claims against court personnel whose conduct allegedly draws into question the integrity of the underlying conviction are also barred by *Heck*.[41] For this reason, Hersh's Complaint does not state plausible claims for relief, and therefore Hersh's remaining claims will be dismissed without prejudice.

## IV. CONCLUSION

For the reasons stated, Hersh's Application to Proceed *In Forma Pauperis* [Doc. No. 1] will be granted and his Complaint [Doc. No. 2] will be dismissed. Hersh's claims for declaratory and injunctive relief will be denied with prejudice. Hersh's claims for compensatory and punitive damages will be dismissed without prejudice. If Hersh's underlying conviction is reversed, vacated, or otherwise invalidated, Hersh may file a new case alleging appropriate claims for relief at that time. Hersh will not be permitted to amend his Complaint because the Court

---

[38] *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.") (emphasis omitted)).

[39] *Heck*, 512 U.S. at 487.

[40] *See Nash v. Kenney*, 784 F. App'x 54, 57 (3d Cir. 2019) (per curiam) (holding that a plaintiff's "malicious-prosecution and speedy-trial claims—which challenge his post-arraignment detainment—[were] barred by the favorable-termination rule of [*Heck*].").

[41] *See Tedford v. Hepting*, 990 F.2d 745, 749–50 (3d Cir. 1993) (finding that a due process claim for damages against court reporters, among others, for allegedly tampering with transcript was not cognizable in a § 1983 action "absent a successful challenge to the underlying conviction.").

concludes that any attempt at amendment would be futile since Hersh's conviction remains intact. Hersh's Motion to Appoint Counsel [Doc. No. 4] will be dismissed as moot.[42] An appropriate Order follows.

---

[42] *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether appointment of counsel is appropriate, the Court should first determine whether plaintiff's lawsuit has a legal basis).